IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF TEXAS

Dallas Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ____-CR-____ (____) ) |
| v. | ) ) |
| KIMBERLY-CLARK CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

3-25CR-399 N

## WAIVER OF INDICTMENT

The defendant, Kimberly-Clark Corporation, has been informed that a one-count felony criminal Information (the "Information") has been filed which accuses the defendant of committing a violation of 21 U.S.C. §§ 331(a), 333(a)(2), and 351(f)(1)(B), that is, the introduction into interstate commerce of medical devices that were adulterated with the intent to defraud and mislead.

The defendant, being advised of the nature of the above charge and the proposed Information, understands the following:

1. The defendant has the right to have the defendant's case presented to a Federal Grand Jury;

2. The Grand Jury must consist of citizens of the Northern District of Texas, and the Grand Jury must consist of not more than 23 nor less than 16 citizens, 12 of whom must vote in favor of an indictment before such an indictment is returned or "true

    billed";

3. In order to return a "true bill" of indictment, the Grand Jury must find from the evidence presented, that there is probable cause to believe that a federal offense has been committed and that the defendant committed that federal offense;

4. The defendant may waive the defendant's clear legal right to have the defendant's case presented to the Grand Jury; and

5. The defendant has discussed with the defendant's lawyer the defendant's right to waive having the defendant's case presented to the Grand Jury, and the defendant's lawyer has fully explained the consequences of waiving this legal right.

After consultation with counsel, the defendant hereby voluntarily, knowingly, and intelligently waives the defendant's legal right to have the defendant's case presented to a Federal Grand Jury and consents that the prosecution may proceed by Information rather than by indictment.

Signed this 27th day of August, 2025.

By: _____
Grant B. McGee
Senior Vice President, General Counsel
Kimberly-Clark Corporation

By: _____
Steven E. Fagell
Matthew J. O'Connor
Covington & Burling LLP
Counsel for Kimberly-Clark Corporation

billed";

3. In order to return a "true bill" of indictment, the Grand Jury must find from the evidence presented, that there is probable cause to believe that a federal offense has been committed and that the defendant committed that federal offense;

4. The defendant may waive the defendant's clear legal right to have the defendant's case presented to the Grand Jury; and

5. The defendant has discussed with the defendant's lawyer the defendant's right to waive having the defendant's case presented to the Grand Jury, and the defendant's lawyer has fully explained the consequences of waiving this legal right.

After consultation with counsel, the defendant hereby voluntarily, knowingly, and intelligently waives the defendant's legal right to have the defendant's case presented to a Federal Grand Jury and consents that the prosecution may proceed by Information rather than by indictment.

Signed this 27th day of August, 2025.

By: _____
Grant B. McGee
Senior Vice President, General Counsel
Kimberly-Clark Corporation

By: _____
Steven E. Fagell
Matthew J. O'Connor
Covington & Burling LLP
Counsel for Kimberly-Clark Corporation